The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 27 July 1995, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The alleged injury giving rise to plaintiff's claim occurred on 27 July 1995.
5. On said date, plaintiff was earning an average weekly wage to be determined from a North Carolina Industrial Commission Form 22, Wage Scale Chart, to be provided by defendant.
6. That the issues to be determined in this case are:
 a. Did plaintiff sustain an occupational disease arising out of and in the course of her employment with the defendant-employer on 27 July 1995; and,
 b. If so, is the disease of which plaintiff complains caused by the said employment; and,
 c. If so, to what compensation, if any, is plaintiff entitled under the Act.
d. To what credit, if any, is defendant entitled under the Act.
e. Did plaintiff give timely notice of her complaint.
7. The parties further stipulate into evidence approximately 100 pages of medical records, the deposition of Laura Jozewicz, M.D. dated 13 November 1996 and a Pre-Trial Agreement.
8. The parties further stipulate that plaintiff began working for defendant October 13, 1975 and last performed the duties of said employment 27 July 1995.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 27 July 1995, plaintiff, 52 years of age with an eighth grade education and who had been employed by defendant approximately 20 years, was employed by defendant as a machine operator.
2. Among the duties as a machine operator of a TC8 machine, which she primarily operated, were pulling levers and pushing buttons repeatedly with her hands with every operation of the said TC8 machine.
3. For approximately two years prior to 4 October 1995, plaintiff suffered with pain in both hands and as of 27 July 1995 last performed the duties of her employment with defendant because of her disability and inability to no longer perform her work duties.
4. On 4 October 1995, plaintiff was medically advised that she was suffering from bilateral carpal tunnel syndrome and that said disease was caused by the repetitive hand motions she performed at work in operating the TC8 machine which disease and its relation to her employment she duly reported to defendant and accordingly filed a claim for his disability as an occupational disease which claim defendant denied on 2 December 1995.
5. It has been medically opined that plaintiff in her employment with defendant was at a greater risk of contracting bilateral carpal tunnel syndrome than the public generally outside the workplace which the undersigned finds as a fact.
6. Prior to 27 July 1995, plaintiff suffered with a variety of physical ailments such as obesity, cervical and lumbar spine disorders, headaches, hypertension, fluid retention, numbness in lower extremities and difficulty in walking, which physical disorders did not prevent her from performing her work duties until her hand pain because so intense and significant that she was no longer able to perform her job after 27 July 1995.
7. On 27 July 1995, when plaintiff last performed her work duties for defendant, she sustained the occupational disease of bilateral carpal tunnel syndrome arising out of and in the course of the employment with the defendant-employer.
8. Plaintiff has lost time from work as a result of the said bilateral carpal tunnel syndrome since 27 July 1995 when she last performed her work duties for defendant.
9. Plaintiff was earning an average weekly wage of $410.68 on 27 July 1995.
10. Defendant has paid plaintiff both short-term and long-term disability benefits during periods when she was on medical leave and in particular since 27 July 1995 and is continuing to pay such benefits as of the date of this hearing on 3 December 1997.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 27 July 1995, when plaintiff last performed her work duties for defendant, she sustained the occupational disease of bilateral carpal tunnel syndrome arising out of and in the course of the employment with defendant-employer.
2. Plaintiff is entitled to temporary total disability compensation benefits from 27 July 1995 until such time as she may return to the workforce and become gainfully employed or it is otherwise Ordered by the Commission at the rate of $273.79 per week.
3. Defendant is entitled to a credit for the compensation or disability benefits paid to plaintiff subsequent to 27 July 1995 against the compensation herein awarded as provided under Section 97-42 et. seq. of the Act.
4. Plaintiff gave to defendant timely notice of her occupational disease claim of bilateral carpal tunnel syndrome and that it was work-related, timely filed her claim and was duly notified by defendant that her said claim was denied.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation benefits from 27 July 1995 until such time as plaintiff may re-enter the workforce or become gainfully employed or it is otherwise Ordered by the Commission at the rate of $273.79 per week, subject to the credit and attorney fee hereinafter provided.
2. Defendant shall pay all medical expense resulting from said occupational disease until otherwise Ordered when the same have been presented and approved as by law provided.
3. Defendant is allowed a credit for compensation or disability benefits paid to plaintiff subsequent to 27 July 1995 against the compensation herein awarded provided under Section97-42 of the Act.
4. An attorney fee of 25 percent of the compensation herein allowed subsequent to deducting the credit herein allowed is hereby approved and awarded to Jeanette Peace for her services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney in a lump sum with respect to amounts accrued and by every fourth compensation check thereafter.
5. Defendant shall pay the costs.
This the ___ day of August 1998.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER